**07 CV 10521**

SOL:SBJ:SR
(07)01462

**JUDGE CONNER**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor, :
United States Department of Labor,

                                                  :

                            Plaintiff,           Civil Action File

                                                  :

                            v.                      No.

                                                  :

MEDICAL DIRECTOR, INC.; AMEDICA         **COMPLAINT**
ENTERPRISES, INC.; EITAN DUB, Individually; :
FRIEDA DUB, Individually; and ADAM DUB,
Individually,                                   :

                           Defendants.        :

------------------------------------------------------------------

       Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 7 and 15(a)(2) of the Act.

I.

       Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. §1331 and §1345.

II.

       Defendant MEDICAL DIRECTOR, INC. is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 629 Fifth Avenue, Pelham, New York 10803, within the jurisdiction of this court, where it is engaged in business as a medical billing company.

III.

Defendant AMEDICA ENTERPRISES, INC. is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 629 Fifth Avenue, Pelham, New York 10803, within the jurisdiction of this court, where it is engaged in business as a medical billing company.

IV.

Defendant corporations have regulated the employment of all persons employed by them, acted directly and indirectly in their interest in relation to their employees, and are thus employers of the employees within the meaning of section 3(d) of the Act.

V.

Defendant EITAN DUB, who has maintained a place of business at 629 Fifth Avenue, Pelham, New York 10803, is President of defendant corporations, in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of the defendant corporations in relation to their employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VI.

Defendant FRIEDA DUB, who has maintained a place of business at 629 Fifth Avenue, Pelham, New York 10803, is Chief Financial Officer of defendant corporations, in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of the defendant corporations in relation to their employees, and is thus an employer of the employees within the meaning of section

3(d) of the Act.

VII.

Defendant ADAM DUB, who has maintained a place of business at 629 Fifth Avenue, Pelham, New York 10803, is Chief Operating Officer of defendant corporations, in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of the defendant corporations in relation to their employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VIII.

The business activities of the defendants, as described, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

IX.

Defendants are employing employees at their place of business in the activities of the enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

X.

Defendants willfully and repeatedly are violating the provisions of sections 7 and 15(a)(2) of

the Act by employing many of their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were employed, and therefore defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

XI.

Defendants have violated the provisions of the Act as alleged above since at least December 6, 2004.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)     For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 7 and 15(a)(2) of the Act; and

(2)     For an order pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621;

(4)     For an order awarding plaintiff the costs of this action; and

(5)     For an order granting such other and further relief as may be necessary and appropriate.

DATED:      November 21, 2007
            New York, New York

_____
JONATHAN L. SNARE
Acting Solicitor of Labor

_____
PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
SUSAN B. JACOBS
Senior Trial Attorney
SJ (8388)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2116

## **EXHIBIT A**

Felourdes Camay
Kristen DiRoma
Michael Grishaber
Judy Mier
Alfredo Miro
Wendy Nieves-McKay
Josephine Seams
Karla Seams
Christine Von Keeck